IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| THOMAS MCENTYRE, | ) | No. C 09-3534 JSW (PR) |
| Plaintiff, | ) | **ORDER OF DISMISSAL** |
| vs. | ) | |
| GREGORY J. ASHERN, MR. STRICKLIN, JOHN DOES 1-30, | ) | (Docket Nos. 3, 4) |
| Defendants. | ) | |

Plaintiff, a prisoner of the State of California currently incarcerated at California Correctional Center in Susanville, California, has filed a pro se civil rights complaint under 42 U.S.C. § 1983 regarding the conditions of confinement at Santa Rita County Jail in Alameda, California. The Court now reviews the complaint pursuant to 28 U.S.C. § 1915A and dismisses it for failure to state a cognizable claim for relief. Plaintiff's motions seeking to proceed *in forma pauperis* are GRANTED in another order filed simultaneously (docket nos. 3, 4).

**DISCUSSION**

In the complaint, Plaintiff complains that over a 4 day period in July, 2008, he was subjected to music played over the public address system at the Santa Rita County Jail for 5 to 8 hours per day and that Sheriff's Deputies did not turn the music off, despite his requests that they do so. Plaintiff seeks $1,000,000 in punitive damages, as

well as injunctive relief.

A. <u>Standard of Review</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a violation of a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B. <u>Legal Claim</u>

In this case, Plaintiff alleges that the playing of music over the public address system of Santa Rita Jail for 5 to 8 hours per day on the 4 days he was detained there in July, 2008, violates his Eighth Amendment rights to be free of cruel and unusual treatment.

The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993). In its prohibition of "cruel and unusual punishment," the Eighth Amendment places restraints on prison officials, who may not, for example, use excessive force against prisoners. *See Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). The Amendment also imposes duties on these officials, who must provide all prisoners

2

with the basic necessities of life such as food, clothing, shelter, sanitation, medical care and personal safety. *See Farmer*, 511 U.S. at 832; *DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 199-200 (1989); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982).

A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently culpable state of mind, *id.* (citing *Wilson*, 501 U.S. at 297).

In determining whether a deprivation of a basic necessity is sufficiently serious to satisfy the objective component of an Eighth Amendment claim, a court must consider the circumstances, nature, and duration of the deprivation. The more basic the need, the shorter the time it can be withheld. *See Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). Substantial deprivations of shelter, food, drinking water or sanitation for four days, for example, are sufficiently serious to satisfy the objective component of an Eighth Amendment claim. *See id.* at 732-733; *see, e.g., Hearns v. Terhune*, 413 F.3d 1036, 1041-42 (9th Cir. 2005) (allegations of serious health hazards in disciplinary segregation yard for a period of nine months, including toilets that did not work, sinks that were rusted and stagnant pools of water infested with insects, and a lack of cold water even though the temperature in the prison yard exceeded 100 degrees, enough to state a claim of unconstitutional prison conditions); *Anderson v. County of Kern*, 45 F.3d 1310, 1314 (9th Cir.) ("[A] lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment."), *amended*, 75 F.3d 448 (9th Cir. 1995).

The requisite state of mind to establish an Eighth Amendment violation depends on the nature of the claim. In prison-conditions cases, the necessary state of mind is

Case 3:09-cv-03534-JSW   Document 6   Filed 12/02/09   Page 4 of 6

one of "deliberate indifference." *See, e.g., Farmer*, 511 U.S. at 834 (inmate safety); *Helling*, 509 U.S. at 32-33 (inmate health); *Wilson*, 501 U.S. at 302-03 (general conditions of confinement); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (inmate health).

Although the Eighth Amendment protects against cruel and unusual punishment, this does not mean that federal courts can or should interfere whenever prisoners are inconvenienced or suffer de minimis injuries. *See, e.g., Hudson*, 503 U.S. at 9-10 (8th Amendment excludes from constitutional recognition de minimis uses of force); *Anderson*, 45 F.3d at 1314-15 (temporary placement in safety cell that was dirty and smelled bad did not constitute infliction of pain); *Hernandez v. Denton*, 861 F.2d 1421, 1424 (9th Cir. 1988) (allegation that inmate slept without mattress for one night is insufficient to state 8th Amendment violation and no amendment can alter that deficiency), *judgment vacated on other grounds*, 493 U.S. 801 (1989); *DeMallory v. Cullen*, 855 F.2d 442, 444 (7th Cir. 1988) (correctional officer spitting upon prisoner does not rise to level of constitutional violation); *Holloway v. Gunnell*, 685 F.2d 150 (5th Cir. 1985) (no claim stated where prisoner forced to spend two days in hot dirty cell with no water); *Miles v. Konvalenka*, 791 F. Supp. 212 (N.D. Ill. 1992) (single instance of finding mouse in food not actionable); *Vaga v. Parsley*, 700 F. Supp. 879 (W.D. Tex. 1988) (burned out light bulb, promptly replaced, does not violate 8th Amendment); *Evans v. Fogg*, 466 F. Supp. 949 (S.D.N.Y. 1979) (no claim stated by prisoner confined for 24 hours in refuse strewn cell and for two days in flooded cell). Federal courts instead should avoid enmeshing themselves in the minutiae of prison operations in the name of the Eighth Amendment. *See Wright v. Rushen*, 642 F.2d 1129, 1132 (9th Cir. 1981).

Under extreme circumstances, excessive noise may state a claim for relief. *See Keenan v. Hall*, 83 F.3d 1083, 1090 (9th Cir. 1996), *amended*, 135 F.3d 1318 (9th Cir.

4

1998) (quoting *Toussaint v. McCarthy*, 597 F. Supp. 1388, 1397, 1410 (N.D. Cal. 1984), *aff'd in part, rev'd in part on other grounds*, 801 F.2d 1080, 1110 (9th Cir. 1986), *cert. denied*, 481 U.S. 1069 (1987)). For example, a plaintiff's allegations that "at all times of day and night inmates were 'screaming, wailing, crying, singing and yelling,' often in groups, and that there was a 'constant, loud banging'" are sufficient to defeat defendants' motion for summary judgment on plaintiff's Eighth Amendment claim. *See id.* However, where Plaintiff alleges only that music was played over the public address system for 5 to 8 hours of the day over a period of a four day detention, the allegations are insufficient to state an Eighth Amendment claim. Therefore, Plaintiff's claims are DISMISSED for failure to state a claim for relief.

## CONCLUSION

For the forgoing reasons, Plaintiff's complaint is hereby DISMISSED for the reasons set forth above. The Clerk shall close the file and enter judgment in this case.

IT IS SO ORDERED.

DATED: December 2, 2009

_____
JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

| | |
|---|---|
| | NORTHERN DISTRICT OF CALIFORNIA |

| | |
|---|---|
| THOMAS MCENTYRE, | Case Number: CV09-03534 JSW |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| GREGORY J. AHERN et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 2, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Thomas McIntyre
T42635
P.O. Box 2400
Susanville, CA 96127-2400

Dated: December 2, 2009

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk

6